ORIGINAL

# United States Court of Federal Claims

No. 17-1743 C
Filed: February 28, 2018

**DARNELL YOUNG, pro se**

*Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

*Defendant.*

**FILED**

FEB 2 8 2018

U.S. COURT OF
FEDERAL CLAIMS

## ORDER DISMISSING COMPLAINT

Pending before the court is defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims filed on January 5, 2018. Defendant argues that we do not have jurisdiction to entertain plaintiff's Complaint because it (1) fails to allege that plaintiff and the United States entered into a money-mandating Federal contract; (2) raises tort claims; and (3) seeks injunctive relief. Plaintiff has not filed a Response. For the reasons that follow, defendant's Motion is granted.

Plaintiff filed a Complaint seeking various forms of relief and an application to proceed *in forma pauperis* on November 6, 2017. Her claims relate to two other federal proceedings: a criminal case pending before the United States District Court for the Eastern District of Pennsylvania and a civil matter she subsequently commenced in the United States District Court for the Northern District of Florida.

Plaintiff is incarcerated for various criminal charges in Florida. She has filed a Complaint in this court contending that the plea agreement she signed with the Government was obtained by fraud or coercion. This court's authority to hear cases is primarily defined by the Tucker Act, which grants this court subject matter jurisdiction over claims against the United States that are founded on a money mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1).

Typically, this court does not have jurisdiction over claims for breach of plea agreements arising out of the criminal justice system. This is partly because such agreements usually do not give rise to claims for money damages. *See Allen v. United States*, 119 Fed. Cl. 273, 276 (2014) (quoting *Sanders v. United States*, 252 F.3d 1329,

7016 3010 0000 4308 4133

1336 (Fed. Cir. 2001)). Furthermore, the United States Supreme Court has expressed that "claims for breach of plea agreements … should be brought in the courts in which they were negotiated and executed." *Sanders*, 252 F.3d at 1336 (citing *Santobello v. New York*, 404 U.S. 257, 263 (1971)).

Plaintiff has not presented any evidence that her plea agreement, or any of the contracts she refers to, obligated the United States to pay plaintiff money. Without such evidence, we cannot exercise jurisdiction on her claim for breach. *See Judd v. United States*, 189 Fed. Appx. 951, 952 (Fed. Cir. 2006); *see also Sanders*, 252 F.3d at 1334–35 (holding that "the United States Government's alleged breach of an agreement with a criminal defendant … is [a] cognizable [claim] only if the agreement clearly and unmistakably subjects the United States to monetary liability for any breach.") We do not have jurisdiction to hear plaintiff's case and must dismiss plaintiff's complaint.

For all of the above stated reasons, defendant's Motion to Dismiss pursuant to Rule 12 (b)(1) of the Rules of the United States Court of Federal Claims is GRANTED. The Clerk is hereby directed to enter judgment accordingly.[1]

**IT IS SO ORDERED.**

Nancy B. Firestone
Senior Judge, for
Robert H. Hodges, Jr.
Senior Judge

---

[1] Having concluded that the court does not have subject matter jurisdiction, the court does not reach defendant's arguments under Rule 12(b)(6).